IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| AUDREY E. FRAVEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 5:13cv014 |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the court on defendant Ford Motor Company's ("Ford") Motion to Dismiss for Failure to State a Claim (Dkt. No. 5). Ford seeks, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of Count II in so far as it is based on a breach of express warranty,[1] Count IV (punitive damages), and Count V (violation of the Virginia Consumer Protection Act). The parties have waived oral argument and the matter is fully briefed and ripe for decision. For the reasons stated herein, the motion shall be **GRANTED in part** (Counts II & V) and **DENIED in part** (Count IV).

**I.     Facts**

The facts as alleged in the complaint are as follows: On or about November 12, 2011, plaintiff Audrey E. Fravel ("Fravel")'s husband purchased a 2010 Ford Edge motor vehicle ("vehicle"). On November 16, 2011, Fravel was backing the vehicle out of a parking lot space. Upon being placed in drive, but without any application of the accelerator by Fravel, the vehicle began accelerating to a high rate of speed. The vehicle failed to respond to Fravel's application

---

[1] Count II also alleges a breach of implied warranty. Ford does not seek dismissal of this portion of Count II.

of the brakes and struck the concrete base of a parking lot light, finally coming to a stop when it mounted the light fixture base. As a result of the crash, Fravel sustained injuries.

In addition to the facts of the crash, the complaint alleges that the vehicle was equipped with an electronic throttle control system ("ETC system") and that the sudden, rapid, and unintended acceleration of the vehicle was caused by the defective design of this ETC system. In vehicles equipped with an ETC system, there is no mechanical linkage between the accelerator pedal and the throttle; instead, two position sensors associated with the accelerator pedal assembly convey electronic signals to a computer, which in turn signals the throttle to open or close. The complaint further alleges that Ford had actual knowledge, based on customer complaint databases, field reports, and engineering documents, that vehicles equipped with ETC systems experience a greater rate of unintended acceleration events as compared to those without ETC systems, and that Ford had the capability to equip ETC system vehicles with brake override systems which would close the throttle in the event of unintended acceleration. Fravel alleges that Ford proceeded with the sale and distribution of the vehicle knowing that the ETC system posed an ongoing risk of substantial harm, and consciously decided not to retrofit, fix, or recall ETC equipped vehicles, or to warn of the hazards of sudden, unintended acceleration, all in advance of its pecuniary interest.

## II. Standard on Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff's well-plead factual allegations, while assumed to be true, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997), "must be enough to raise a right to relief above the speculative

level." Twombly, 550 U.S. at 570. "[Additionally], the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. At end, the complaint must contain sufficient facts from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has shown that he is entitled to relief. Id. at 679; Fed. R. Civ. P. 8(a). In making this assessment, the court is obligated to look at the entire complaint. Shomo v. Junior Corp., 7:11-CV-508, 2012 WL 2700498, at *4 n.2 (W.D. Va. July 6, 2012); see also Harman v. Unisys Corp., 746 F. Supp. 2d 755, 760 (E.D. Va. 2010) ("In considering a Rule 12(b)(6) motion, the Court must . . . read the complaint as a whole." (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993))).

### III. Count II: Express Warranty

Ford asserts that Fravel has not plead sufficient facts to establish a breach of express warranty. Ford makes a number of arguments, including noting that Fravel's compliant states that Ford *implicitly* promised that the vehicle would not accelerate without a signal from the driver, etc. Fravel has not responded to Ford's arguments and instead indicates that she has elected not to pursue a claim for breach of express warranty. Thus, Fravel has abandoned this portion of her claim, both through her express disavowal and by failing to respond to Ford's argument. See, e.g., Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 783 (D. Md. 2010) ("By her failure to address [defendant's] arguments in her opposition to [defendant]'s motion to dismiss, [plaintiff] has abandoned this claim."). The court will therefore grant the motion to dismiss as to Count II. Count II shall therefore be limited to a claim for breach of implied warranty only.

### IV. Count IV: Punitive Damages

Ford first argues that because Virginia law recognizes punitive damages not as a cause of action but as a remedy, Count IV should be dismissed with prejudice. Doing so, however, would put form before substance. It is true that, "[u]nder Virginia law, there is no cognizable cause of action for malice or punitive damages." Augustin v. SecTek, Inc., 807 F. Supp. 2d 519, 526 (E.D. Va. 2011).[2] Yet Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). "Giving effect to this rule requires that a complaint be judged by its substance rather than according to its form or label and, if possible, should be construed to give effect to all its averments." Cortez v. Prince George's Cnty. Maryland, 31 F. App'x 123, 128 (4th Cir. 2002) (unpublished) (citing 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1286, pp. 553-56 (2d ed.1990)). As such, a plaintiff's "mislabeling of the proper legal theory of the claim is not ground for dismissal . . . so long the plaintiff's complaint gives fair notice of the claim and the grounds upon which it rests." Grayson Fin. Am., Inc. v. Arch Specialty Ins. Co., 2:05 CV 461, 2006 WL 290513, at *2 (E.D. Va. Feb. 6, 2006) (collecting cases).

While Count IV is labeled "punitive damages," the ensuing substantive paragraphs clearly state a claim for willful and wanton negligence. Indeed, the final paragraph of Count IV expressly refers to "conduct [] so willful or wanton as to evince conscious disregard for the rights of others." (Compl. ¶39, Dkt. No. 1, at 10). Ford tacitly acknowledges the substance of the claim made by Count IV by devoting substantial effort to the argument that Fravel has plead insufficient facts to support it. (See Def.'s Br. in Sup. of Mot. to Dismiss, Dkt. No. 16, at 10-12; Def.'s Reply Br., Dkt. No. 21, at 3-6). It would do injury to judicial economy to require Fravel

---

[2] The court in Augustin dismissed the claim based on punitive damages, but did not address what, if any, substantive allegations were plead. Augustin, 807 F. Supp. 2d 519.

4

to amend her complaint only as to the title of Count IV. Thus, the fact that Count IV is technically mislabeled is insufficient grounds for dismissal and is certainly not grounds for dismissal with prejudice.

Ford also argues that Count IV should be dismissed because the claim is insufficiently plead. This argument is equally unavailing. A claim for punitive damages "must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." Foglia v. Clapper, 1:12CV104, 2012 WL 777492, at *4 (E.D. Va. Mar. 7, 2012) (citing Woods v. Mendez, 265 Va. 68, 76, 574 S.E.2d 263, 268 (2003)). Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference "to [the] consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." Woods, 265 Va. at 76-77, 574 S.E.2d at 268 (citations omitted). "Willful or wanton negligence involves a greater degree of negligence than gross negligence," in that an essential ingredient of the act or omission in willful or wanton negligence is an actual or constructive consciousness of the danger involved. Boward v. Leftwich, 197 Va. 227, 231, 89 S.E.2d 32, 35 (1955). "'An actor guilty of willful and wanton conduct intends his act, but not the resulting harm.'" Green v. Ingram, 269 Va. 281, 292, 608 S.E.2d 917, 923 (2005) (quoting Infant C. v. Boy Scouts of America, Inc., 239 Va. 572, 582, 391 S.E.2d 322, 327 (1990)).[3]

Ford points to the alleged facts of the crash itself and asserts that this is merely a "run-of-the-mill personal injury case." (Def.'s Reply Br., Dkt. No. 21, at 6). Yet the facts of crash are but one portion of the complaint. In addition to the crash itself, Fravel has alleged that Ford had

---

[3] Ford notes, correctly, that Fravel has not alleged any "evil intent" on the part of Ford. But "[i]ll will is not a necessary element of willful and wanton negligence." Id. (quoting Infant C. v. Boy Scouts of America, Inc., 239 Va. 572, 582, 391 S.E.2d 322, 327 (1990)).

actual knowledge of a design defect; specifically, the propensity of vehicle equipped with the ETS system to experience unintended acceleration. Fravel further alleges that, despite knowledge of this risk of substantial harm, Ford consciously chose to equip and sell the vehicle without any brake override system or warning to the consumer public. If such facts are true, that would be sufficient to find that Ford acted with the requisite reckless indifference or conscious disregard to the injury it was aware would probably result from its conduct.

As such, regardless of any mislabeling of the claim, Fravel has plead the facts underlying Count IV with sufficient particularity to state a plausible claim for relief and give fair notice of the grounds upon which the claim rests. The motion to dismiss as to Count IV is therefore denied.

## V. Count V: Virginia Consumer Protection Act

Ford seeks dismissal of Count IV on the grounds that that Fravel has not plead her claim with sufficient particularity. Because Fravel has failed to assert reliance on any misrepresentation or material omission on the part of Ford the motion to dismiss will be granted as to Count V.

The Virginia Consumer Protection Act, Va. Code § 59.1–196 et seq. ("VCPA"), "prohibits, generally, misrepresenting goods or services." Myers v. Lee, 1:10CV131, 2010 WL 2757115, at *5 (E.D. Va. July 12, 2010). "As a claim sounding in fraud, Rule 9(b)'s particularity requirements apply to the VCPA." Id. at *6 (quoting Nahigian v. Juno Loudoun, LLC, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010)). Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).[4] "To satisfy the heightened pleading standard of Rule 9(b), a plaintiff must state with particularity 'the time,

---

[4] Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b).

place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Beasley v. FV-I, Inc., 1:13-CV-116, 2013 WL 1192018, at *3 (E.D. Va. Mar. 21, 2013) (quoting In re Mut. Funds Inv. Litig., 566 F.3d 111, 120 (4th Cir. 2009)). Failure to comply with Rule 9(b)'s pleading standard is treated as a failure to state a claim under Rule 12(b)(6). Id. (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999)).

### a. **Fravel Sufficiently Pleads Time, Place, Content, and Identity**

Ford first asserts that dismissal is warranted because Fravel fails to identify any specific misrepresentation made by Ford, and further fails to identify the time, place, and contents of any false representations as well as the identity of the person making such misrepresentation. This argument is not persuasive. First, Fravel does identity the specific misrepresentation—or rather, omission—as "concealing the vehicle's propensity to sudden, unintended acceleration." (Compl. ¶43, Dkt. No. 1, at 11). Second, a number of courts have held that Rule 9(b)'s particularity requirements are less formulaic with fraud claims based on omissions of material fact. See, e.g., Ademiluyi v. PennyMac Mortgage Inv. Trust Holdings I, LLC, ELH-12-0752, 2013 WL 932525, at *26 (D. Md. Mar. 11, 2013) (holding that Rule 9(b) is "less strictly applied" with respect to claims of fraud by omission of material facts, because "an omission 'cannot be described in terms of the time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation'" (quoting Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 552 (D. Md. 1997))); Piotrowski v. Wells Fargo Bank, N.A., CIV.A. DKC 11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013) ("In cases involving concealment or omissions of material facts . . . meeting Rule 9(b)'s particularity requirement will likely take a different form." (citing Shaw, 973 F. Supp. at 552)).

In <u>Doll v. Ford Motor Co.</u>, 814 F. Supp. 2d 526 (D. Md. 2011), the court, finding that in cases involving omissions Rule 9(b)'s particularity requirement is relaxed, denied a similar motion to dismiss. The court found that the circumstances constituting fraudulent concealment were alleged with sufficient particularity where the plaintiff had asserted that the defendant became aware of a defect through National Highway Traffic Safety Administration investigations, customer complaints, and websites such as Edmunds.com, and consciously concealed this information from the plaintiff purchasers. <u>Id.</u> at 538. Similarly, Fravel has asserted that Ford knew of the defect with the ETC system through customer complaint databases, field reports, and engineering documents, and consciously decided to conceal this information.

Moreover, even if the relaxed standard of Rule 9(b) was not applicable, Fravel has plead sufficient time, place, and identity. In <u>Scott v. GMAC Mortgage, LLC</u>, 3:10CV00024, 2010 WL 3340518 (W.D. Va. Aug. 25, 2010), the court, relying on the decision in <u>Nahigian v. Juno Loudon, LLC</u>, 684 F. Supp. 2d 731 (E.D. Va. 2010), found that the plaintiffs had plead their case with sufficient particularity to satisfies Rule 9(b) and to allow the defendant to raise a defense. <u>Scott</u>, 2010 WL 3340518, at *3. The court held that it was not necessary to name the specific representative of the defendant that made the misrepresentations, nor the precise location, date, and hour at which defendant allegedly made the misrepresentations. <u>Id.</u> Instead, it was sufficient to merely identify the defendant corporate entity and provide general allegations of when and where the misrepresentations were made. As in <u>Scott</u> and <u>Nahigian</u>, the plaintiff here has identified the defendant entity (Ford), the general time when the material omission took place (the purchase date of November 12, 2011 (Compl. ¶5, Dkt. No. 1, at 2)), and general the location (Direct Buy Club, a dealership in Gum Springs, Virginia (Compl. ¶5, Dkt. No. 1, at 2)).

Cf. Morris v. Wachovia Sec., Inc., 277 F. Supp. 2d 622, 645 (E.D. Va. 2003) (citations omitted) ("When the fraud alleged is based on an omission of material fact, Rule 9(b) requires that plaintiffs plead the type of facts omitted [and] the place in which the omission should have appeared . . . .").

Thus, so far as these elements are concerned, Fravel has met her burden under Rule 9(b). However, in Scott, the plaintiffs "also allege[d] their detrimental reliance with sufficient particularity." Id. Likewise, in Doll, the plaintiffs claimed that they would have taken different actions had they known about the defect the defendant allegedly concealed through its omission. Doll, 814 F. Supp. 2d at 538; cf. Morris, 277 F. Supp. 2d at 645 (holding that Rule 9(b) also require a plaintiff alleging fraud based on omission to allege how the omitted facts made the defendant's affirmative representations misleading). Plaintiff has not done so here. This difference is dispositive.

### b. Fravel Fails to Plead Reliance

"Virginia courts have consistently held that reliance is required to establish a VCPA claim." Adardour v. Am. Settlements Inc., 1:08CV798, 2009 WL 1971458, at *3 (E.D. Va. July 2, 2009) (collecting cases); see also Cooper v. GGGR Investments, LLC, 334 B.R. 179, 189 (E.D. Va. 2005) ("[T]he VCPA's plain language as consistently construed by the courts[] requires that a [] VCPA claimant show that he relied on the alleged misrepresentations . . . . [a plaintiff is thus] required to prove reliance on the alleged misrepresentations to recover under the VCPA."). Here, Fravel pleads no facts indicating her reliance on any misrepresentation or omission on the part of Ford.

Thus, lacking any allegation that she relied on the misrepresentation or omission on the party of Ford, Fravel has failed to state a claim under the VCPA. The motion to dismiss as to

Count V is therefore granted.  However, Fravel will be allowed to file an amended complaint within fourteen (14) days.

### VI. Conclusion

For the foregoing reasons, Ford's motion to dismiss is granted in part and denied in part.  Count II shall be limited to a claim for a breach of implied warranty only.  Count V shall be dismissed with leave to file an amended complaint within fourteen (14) days.  An appropriate Order shall be entered this day.

The Clerk shall send a copy of this Memorandum Opinion to all counsel of record.

Entered:  September 23, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge